```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 15-3158(DSD/HB)
```

Mendota Electric, Inc. and
Superior Mechanical,

       Plaintiffs,

v.                                                          **ORDER**

Fair Contracting Foundation,

       Defendant.

    Douglas P. Seaton, Esq. and Seaton, Peters & Revnew, PA, 7300 Metro Blvd., Suite 500, Minneapolis, MN 55439, counsel for plaintiff.

    Brendan D. Cummins, Esq. and Cummins & Cummins LLP, 1245 International Centre, 920 Second Avenue South, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Fair Contracting Foundation (FCF). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

## BACKGROUND

This labor-related dispute arises from FCF's conduct as a joint labor management committee. Plaintiff Mendota Electric, Inc.[1] alleges that FCF is in fact a pro-union organization that does not meet the definition of a labor management committee and

---

[1] Plaintiff Superior Mechanical has voluntarily withdrawn from the case given its admitted lack of standing.

thus should be precluded from operating as one.

On August 20, 2013, unions and contractors in the construction industry established FCF as "a committee within the meaning of the Labor Management Cooperation Act of 1978." Wilde Aff. Ex. 1, at 1 (Trust Agreement). One of FCF's purposes is to "inform and petition governmental officials concerning issues affecting the Industry, and to urge, oppose or otherwise influence legislation, rules, regulations and standards affecting the Industry ...." Id. Art. II § 2(h). FCF's board of trustees consists of eighteen members, nine from the unions and nine from contractors.[2] Id. Art. IV § 1a. Contractors make contributions that fund FCF's operations. Id. Art. I §§ 6-7. Specifically, signatory contractors agreed to make such contributions in their collective bargaining agreements with the unions. See Wilde Aff. Ex. 3j, at 16.

Mendota was a union contractor and signatory to the Metropolitan Builders Association Agreement (CBA). Am. Compl. ¶ 14; Wilde Aff. Ex. 3j. Through the CBA, Mendota agreed to "participate in and fund [FCF] through a Labor-Management Cooperation Committee Trust Fund." Wilde Aff. Ex. 3j, at 15. Mendota alleges that it made such contributions between May 1, 2013, and January 2015. Am. Compl. ¶ 15. In January 2015,

---

[2] Mendota asserts that the board composition was skewed in favor of the unions until finally equalized in January 2014. See Trust Agreement at 18-19. Even if true, this allegation is immaterial because the conduct at issue occurred in March 2014.

however, Mendota withdrew from the CBA and became a non-union contractor. Id. ¶¶ 13, 15.

On March 4, 2014, an FCF representative testified before the Minnesota House Committee on Government Operations in favor of the then-pending Responsible Contractor Law, which was later passed by the legislature. Id. ¶¶ 23-24. According to Mendota, FCF failed secure the consent of its contractor members before doing so. Id. ¶ 23. Mendota suggests, without specifically alleging, that FCF promoted a union agenda, rather than joint union-contractor agenda in supporting the law. They admit, however, that contractor representatives also testified before the house committee regarding the law. Pls.' Opp'n Mem. at 7. Plaintiffs cite to no other pro-union activities by FCF but believe discovery will expose additional wrongdoing.

Mendota filed suit against FCF on July 28, 2015, alleging that FCF's pro-union conduct violates the Labor Management Relations Act, 29 U.S.C. § 186(a) (LMRA) and the Labor Management Cooperation Act, 29 U.S.C. § 175a (LMCA). Mendota filed an amended complaint on September 4, 2015, seeking a declaration that: (1) FCF is not a legitimate joint labor management committee, (2) FCF has exceeded its authority under the LMCA, and (3) all past contributions to FCF were illegal and should be returned to participating contractors. Mendota also requests a permanent injunction restraining FCF from accepting funds and prohibiting FCF from engaging in conduct

3

inconsistent with the LMCA.  FCF now moves to dismiss.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6).  Fed. R. Civ. P. 12(d).  The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and

internal quotation marks omitted).  Here, the Trust Agreement and the CBA are embraced by pleadings and properly before the court.

**II.  Joint Labor Management Committee**

Under the LMRA, an employer may not "pay, lend, or deliver, or agree to pay, lend or deliver, any money or other thing of value" to any union.  29 U.S.C. § 186(a).  That prohibition does not apply, however, to joint labor management committees established for the purpose of "improving labor management relationships, job security, organizational effectiveness, enhancing economic development or involving workers in decisions affecting their jobs including improving communication with respect to subjects of mutual interest and concern."  29 U.S.C. § 175a (a)(1)(b); 29 U.S.C. § 186(c)(9).  Mendota alleges that FCF is not a legitimate joint labor management committee, but rather is an organization devoted to union interests.  Thus, according to Mendota, FCF has violated the LMRA by accepting funds from employers and using those funds to advance a pro-union agenda.

**A.  Standing**

FCF first challenges Mendota's standing to bring this suit. Article III of the United States Constitution limits the jurisdiction of federal courts to justiciable cases and controversies.  U.S. Const. art. III, § 2; <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-60 (1992).  Standing is an "essential and unchanging part of the case-or-controversy requirement of

5

Article III." Lujan, 504 U.S. at 560. To satisfy Article III standing requirements, a plaintiff must demonstrate:

> 1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citation omitted). Whether a party has established the three elements of standing is an "inescapable threshold question." Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 799 (8th Cir. 2006).

If a plaintiff lacks standing, "the district court has no subject-matter jurisdiction." Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). When necessary, the court may look to matters outside the pleadings to determine whether standing exists. Osborn v. United States, 918 F.2d 724, 729 n.4 (8th Cir. 1990).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy," the court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). To have standing to seek relief, there must be "a substantial controversy" between parties with "adverse legal interests." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643,

646 (8th Cir. 1993) (internal quotation marks omitted). Because this test "is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis." Id. (citing Golden v. Zwickler, 394 U.S. 103, 108 (1969)).

FCF argues that Mendota lacks standing because it has not suffered a concrete and particularized injury caused by FCF's conduct. The court agrees. Mendota conclusorily alleges that its required contributions to FCF has "caused damage and will cause substantial damage to [it] and the construction industry as a whole because the FCF, either directly or indirectly, requires employers to fund a union controlled entity in violation of 29 U.S.C. § 186(a)." More simply put, Mendota alleges it was injured because it funded an entity that secretly advanced a pro-union agenda.[3]

Mendota, however, fails to articulate any particular harm it has suffered due to FCF's conduct. The only instance of wrongdoing alleged by Mendota is that FCF testified in favor of the Responsible Contractor Law without contractor knowledge or consent. See Am. Compl. Even assuming that allegation is true, Mendota fails to allege any injury flowing from that conduct. Specifically, Mendota does not allege that the Responsible Contractor Law is hostile to non-union contractors or that FCF's position failed to advance the goals of its constituents, which

---

[3] Whether Mendota actually made contributions to FCF is in dispute, but the court need not resolve the issue to decide this motion.

included Mendota.  <u>See</u> Am. Compl. ¶¶ 23-25.  Nor has Mendota alleged a direct connection between FCF's testimony and passage of the bill.  Finally, and most importantly, Mendota has not alleged any actual harm it has suffered as a result of FCF's conduct.  As a result, there is no substantial controversy between the parties to resolve and dismissal of Mendota's claim is warranted.[4]

**B.   Failure to Plausibly Allege Unlawful Conduct**

Even if Mendota had standing, dismissal is warranted because the amended complaint fails to state a claim.  Mendota has not adequately alleged that FCF is a pro-union entity disguised as a joint labor management committee.  The only alleged misconduct identified in the complaint is FCF's testimony before the Minnesota legislature.  As discussed, that conduct is insufficient to establish the required injury to Mendota.  It is also insufficient to allege a violation of the LMRA or LMCA, because it does not evince FCF's alleged pro-union agenda.  Plaintiffs try to buttress their allegations by noting that FCF must be a union-controlled entity because it began as one and its executive director has strong union ties.  Am Compl. ¶¶ 7-11.  But neither allegation raises plaintiff's theory above the speculative level. Simply put,

---

[4] Mendota also lacks standing to pursue alleged ongoing harm because it is no longer a signatory to the underlying CBA and does not contribute to FCF.

plaintiffs' claim lacks facial plausibility and must be dismissed.[5]

Mendota requests that it be permitted to file a second amended complaint if the court is inclined to dismiss the case.  Mendota has already amended its complaint to no avail.  The court will not allow Mendota a third bite at the apple.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 14] is granted;

2.   The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  November 2, 2015


                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court

---

[5]   The court declines to address FCF's argument that Minnesota's Strategic Lawsuits Against Public Participation statute, Minn. Stat. § 554.01, et seq. (the "Anti-SLAPP statute"), bars Mendota's suit.